# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
### Orlando Division

KRIS PENNY and
LORI MCNAMARRA, his wife,

       Plaintiffs,

vs.

                                     CASE NO: 15-cv-557-GAP-KRS

AT&T CORPORATION,
ALCATEL-LUCENT USA, INC.,
BELLSOUTH TELECOMMUNICATIONS, LLC,
and
MASTEC, INC.,

       Defendants.

_____/

### DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE A SURREPLY TO PLAINTIFF'S MOTION TO COMPEL, OR, IN THE ALTERNATIVE, MOTION TO STRIKE

Defendants AT&T Corp. ("AT&T") and BellSouth Telecommunications, LLC ("BellSouth") hereby move this Court for an Order granting Defendants leave to file a surreply to address the new legal arguments raised in Plaintiffs' replies to Defendants' responses in opposition to Plaintiffs' Motion to Compel Discovery [D.E. 105; D.E. 107]. In the event that the Court denies the relief requested, Defendants move in the alternative for the entry of an Order striking the new legal arguments raised by Plaintiffs. In support of this motion, AT&T and BellSouth state as follows:

On Sept. 8, 2015, Plaintiffs filed replies to Defendants' responses in opposition to Plaintiffs' Motion to Compel Discovery [D.E. 105, D.E. 107]. In addition to providing responses to Defendants' specific objections to certain interrogatories and requests for production,

CASE NO: 15-cv-557-GAP-KRS

Plaintiffs, for the first time, advance a legal argument challenging whether communications between the Defendants fall within the scope of the attorney-client privilege. [*See* D.E. 105 at 7-9; D.E. 107 at 9-11]. Defendants seek leave of the Court to file a brief surreply to specifically address the legal arguments on privilege raised by Plaintiffs. While neither the Federal Rules of Civil Procedure nor the Court's Local Rules specifically authorize the filing of surreplies, they are typically permitted where, as here, a movant raises new arguments or facts in a reply brief. *See, e.g., Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005); *Hammett v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 n.1 (S.D. Fla. 2001). Plaintiffs are not opposed to Defendants' Motion for Leave to File a Surreply.

If the Court declines to allow Defendants' to file a surreply, the Defendants move, in the alternative, for an order striking from Plaintiffs' replies their new argument challenging whether communications between the Defendants fall within the scope of the attorney-client privilege. It is well established in this circuit that a district court "cannot consider new arguments raised for the first time in a reply brief." *Powell v. Carey Int'l, Inc.,* 490 F.Supp.2d 1202, 1206 n.4 (S.D.Fla.2006) (citing *Herring v. Secretary. Dept. of Corrections,* 397 F.3d 1338 (11th Cir.2005) ("[a]s we repeatedly have admonished, '[a]rguments raised for the first time in a reply brief are not properly before a reviewing court'")); *see also In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("[a]rguments not properly presented in a party's initial brief or raised for the first time in a reply brief are deemed waived"). Accordingly, Plaintiffs' newly raised arguments regarding the applicability of the attorney-client privilege to the communications between the Defendants should be deemed waived and stricken from the Plaintiffs' replies.

## CONCLUSION

Defendants AT&T Corp. and BellSouth Telecommunications, LLC respectfully request

2

CASE NO: 15-cv-557-GAP-KRS

that the Court grant Defendants' unopposed motion for leave to file a surreply to address the

privilege arguments raised by Plaintiffs in their Replies. In the alternative, Defendants request

that the Court strike Plaintiffs' argument challenging Defendants' invocation of privilege as it

relates to request No. 2 of Plaintiffs' Request for Production to AT&T [D.E. 105 at 7-9] and

request No. 2 of Plaintiffs' Request for Production to BellSouth [D.E. 107 at 9-11].

Respectfully submitted,

COFFEY BURLINGTON, P.L.
*Counsel for AT&T Corp. and*
*BellSouth Telecommunications, LLC*
2601 South Bayshore Drive, Penthouse
Miami, Florida  33133
Tel:  305-858-2900
Fax:  305-858-5261

By: /s/ *Robert K. Burlington*
　　　Robert K. Burlington, FBN 261882
　　　rburlington@coffeyburlington.com
　　　Alice E. Meyer, FBN 772941
　　　ameyer@coffeyburlington.com
　　　groque@coffeyburlington.com
　　　service@coffeyburlington.com

3

CASE NO: 15-cv-557-GAP-KRS

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the Defendants has conferred with opposing counsel and that opposing counsel does not oppose Defendants' Motion for Leave to File a Surreply.  Opposing counsel does not agree to Defendants' alternative motion to strike.


*/s/* Robert K. Burlington

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

CASE NO: 15-cv-557-GAP-KRS

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on this 16th day of September, 2015, on all counsel

or parties of record on the service list below.

By:*/s/*Robert K. Burlington

Robert K. Burlington

SERVICE LIST

Jonathan Ruckdeschel
The Ruckdeschel Law Firm, LLC
8357 Main Street
Ellicott City, Maryland 21043
T. 410.750.7825
F. 410.583.0430
C: 443-286-8858
ruck@rucklawfirm.com
horvat@rucklawfirm.com
hollycpeterson@earthlink.net
Erin@rucklawfirm.com

*Counsel for Plaintiffs*

Stuart L. Cohen
Dale J. Spurr
Erik. M. Vieira
Bennett Aiello & Cohen
25 Southeast Second Avenue, Eighth Floor
Miami, FL 33131-1603
T: 305. 358.9011
F. 305.358.9012
scohen@baclawfirm.com
dspurr@baclawfirm.com
eviera@baclawfirm.com
*Counsel for Alcatel-Lucent USA, Inc.*

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261